**Ralph C. Spooner, OSB No. 732880**
E-mail: rspooner@smapc.com
**David E. Smith, OSB No. 124591**
Email: dsmith@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorneys for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BENNETT IRBY,

        Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation,

        Defendant.

Case No. 3:22-cv-00773-SI

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT**

COMES NOW, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Ralph C. Spooner and David E. Smith, Spooner & Much, P.C., and for its Answer to plaintiff's Complaint alleges:

1.

State Farm admits paragraphs 1 of plaintiff's Complaint.

2.

In answer to paragraph 2 of plaintiff's Complaint, State Farm admits that on or

Page 1 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT

about July 11, 2017, plaintiff, Bennett Irby, was operating his 2014 Harley Davidson motorcycle eastbound on Highway 212 near the interchange with Interstate 205 in Milwaukie, Clackamas County, Oregon, when a vehicle operated by Aubrey Shepherd struck the rear of his motorcycle. State Farm admits that plaintiff sustained some injuries as a result of the subject motor-vehicle accident, the exact extent of which are unknown to State Farm. State Farm denies the remaining allegations as pled in paragraph 2 of plaintiff's Complaint.

3.

In answer to paragraph 3 of plaintiff's Complaint, State Farm admits that Aubrey Shepherd was negligent in causing the subject motor-vehicle accident by failing to maintain adequate stopping distance between her vehicle and plaintiff's motorcycle. State Farm denies the remaining allegations as pled in paragraph 3 of plaintiff's Complaint.

4.

In answer to paragraph 4 of plaintiff's Complaint, State Farm admits that plaintiff sustained some damages as a result of the subject motor-vehicle accident, the exact extent of which are unknown to State Farm. State Farm denies the remaining allegations as pled in paragraph 4 of plaintiff's Complaint.

5.

In answer to paragraph 5 of plaintiff's Complaint, State Farm admits that on or about April 30, 2020, plaintiff settled his claim for personal injuries sustained in the subject motor-vehicle accident against Ms. Shepherd with her motor-vehicle liability insurer for the liability limit of her policy in the amount of $100,000. State Farm further admits that the vehicle operated by Ms. Shepherd in the subject motor-vehicle accident was an *uninsured motor vehicle* as that term is understood in the State Farm policies referred to in paragraph 6 below. State Farm

denies the remaining allegations as pled in paragraph 5 of plaintiff's Complaint.

6.

In answer to paragraph 6 of plaintiff's Complaint, State Farm admits that on July 11, 2017, plaintiff was insured under four insurance policies issued by State Farm, certified true copies of which are attached hereto as Exhibits 1, 2, 3 and 4, and by this reference incorporated herein:

    a.    Policy No. 138 9496-B16-37A (hereinafter referred to as the Harley Davidson motorcycle policy) issued to cover the 2014 Harley Davidson motorcycle plaintiff was operating in the subject motor-vehicle accident referred to in paragraph 2 above;

    b.    Policy No. 318 0663-F25-37 (hereinafter referred to as the Volkswagen Beetle policy) issued to cover a 2013 Volkswagen Beetle which was not involved in the subject motor-vehicle accident;

    c.    Policy No. 138 9495-B16-37C (hereinafter referred to as the Toyota Echo policy) issued to cover a 2002 Toyota Echo which was not involved in the subject motor-vehicle accident; and

    d.    Policy No. 355 2759-A09-37 (hereinafter referred to as the Motor Home policy) issued to cover a 1999 National Tropical Motor Home which was not involved in the subject motor-vehicle accident.

All four policies were in effect on July 11, 2017, and contained underinsured motorist ("UIM") coverage with an "each person" policy limit in the amount of $25,000. State Farm denies the remaining allegations as pled in paragraph 6 of plaintiff's Complaint.

/ / /

7.

In answer to paragraph 7 of plaintiff's Complaint, State Farm admits that it paid $25,000 to plaintiff under the Harley Davidson motorcycle policy, representing the UIM limit for that policy, and denied UIM coverage to plaintiff under the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy. State Farm denies the remaining allegations as pled in paragraph 7 of plaintiff's Complaint.

8.

In answer to paragraph 8 of plaintiff's Complaint, State Farm admits that it denied UIM coverage to plaintiff under the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy. State Farm denies that remaining allegations as pled in paragraph 8 of plaintiff's Complaint.

9.

State Farm denies paragraphs 9 and 10 of plaintiff's Complaint. State Farm further denies plaintiff's prayer for relief. Except as expressly admitted, State Farm denies each and every other allegation in plaintiff's Complaint.

\*     \*     \*     \*     \*

FOR A FURTHER ANSWER AND FIRST AFFIRMATIVE DEFENSE, to plaintiff's Complaint, State Farm alleges:

10.

Re-alleges and incorporates by reference the matters admitted in its Answer above.

11.

Plaintiff's claim for prejudgment interest fails to allege ultimate facts sufficient to

constitute a claim for relief against State Farm.

\*        \*        \*        \*        \*

FOR A FURTHER ANSWER, SECOND AFFIRMATIVE DEFENSE, AND COUNTERCLAIM FOR DECLARATORY RELIEF to plaintiff's Complaint, State Farm alleges:

12.

Re-alleges and incorporates by reference the matters admitted in its Answer above.

13.

Plaintiff was operating and occupying his 2014 Harley Davidson motorcycle at the time of the subject motor-vehicle accident referred to in paragraph 2 above. The 2014 Harley Davidson motorcycle was owned by plaintiff for longer than 30 days at the time of subject motor-vehicle accident referred to in paragraph 2 above.

14.

Plaintiff was a named insured on the Declarations pages of all four policies referred to in paragraph 6 above.

15.

The 2014 Harley Davidson motorcycle occupied by plaintiff in the subject motor-vehicle accident referred to in paragraph 2 above is the vehicle listed on the Declarations page of the Harley Davidson motorcycle policy. The 2014 Harley Davidson motorcycle is not listed on the Declarations page of the Volkswagen Beetle policy, Toyota Echo policy, or Motor Home policy.

/ / /

16.

On July 11, 2017, the plaintiff was not occupying the 2014 Harley Davidson motorcycle to replace either the 2013 Volkswagen Beetle, 2002 Toyota Echo, or 1999 National Tropical Motor Home referred to in paragraphs 6(b), (c), and (d) above due to breakdown, repair, servicing, damage or theft of any of those vehicles.

17.

Consistent with ORS 742.504(4)(b), the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy, each contained the following contractual provisions, as modified by 6937B.2 Amendatory Endorsement:

> THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:
> a.    WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* OR FURNISHED FOR THE REGULAR USE OF *YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*; OR
> * * * *

18.

The Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy each contained the following definitions relevant to the provision referenced above:

> *Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.
>
> *Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads...
> * * * *
>
> *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*. A *car* ceases to be a *newly acquired car* on the earlier of:
> 1.    the effective date and time of a policy, including any binder, issued by *us* or any other company that describes

Page 6 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT

        the *car* as an insured vehicle; or
2.     the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.
\* \* \* \*

*Occupying* means in, on, entering, or exiting.
\* \* \* \*

*Owned By* means:
1.     owned by;
2.     registered to; or
\* \* \* \*

*You* or *Your* means the named insured or named insureds shown on the Declarations Page and includes the *spouse* of the first *person* shown as a named insured if the *spouse* resides primarily with that named insured.
\* \* \* \*

*Your Car* means the vehicle shown under "YOUR CAR" on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.
\* \* \* \*

*Insured* means:
1.     *you*;

\* \* \* \*

19.

State Farm paid the UIM limit of the Harley Davidson motorcycle policy referred to in paragraph 6(a) above in the amount of $25,000 to plaintiff on or about January 4, 2022.

20.

Consistent with the policy provisions of the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy referred to in paragraph 17 above, State Farm denied coverage for UIM benefits to plaintiff under the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy because the vehicle occupied by plaintiff was owned by him longer than 30 days and was not the vehicle listed on the Declarations page of the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy.

Page 7 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT

21.

An actual controversy has arisen and now exists between the parties concerning whether the policy provisions referred to in paragraph 17 above are enforceable to exclude coverage for UIM benefits to plaintiff under the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy for the damages plaintiff incurred as a result of the subject motor-vehicle accident referred to in paragraph 2 above.

22.

State Farm seeks a judgment declaring that State Farm has no obligation to pay UIM benefits to plaintiff under Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy on the basis that the policy provisions referred to in paragraph 17 above are enforceable under ORS 742.500 to 742.506 to exclude coverage for UIM benefits to plaintiff for the damages plaintiff incurred as a result of the subject motor-vehicle accident occurring on July 11, 2017.

20.

This Court has the authority to issue the requested relief pursuant to 28 U.S.C. § 2201(a).

WHEREFORE, having fully answered plaintiff's Complaint, State Farm prays for judgment in its favor as follows:

1. Dismissing plaintiff's Complaint with prejudice;
2. Granting judgment in State Farm's favor on its claim for declaratory relief declaring that State Farm has no obligation to pay UIM benefits to plaintiff under the Volkswagen Beetle policy, Toyota Echo policy, and Motor Home policy on the basis that the policy provisions referred to in paragraph 17 above are enforceable under ORS 742.500 to 742.506 to exclude coverage for UIM benefits

        to plaintiff for the damages plaintiff incurred as a result of the subject motor-vehicle accident occurring on July 11, 2017; and

3.     For its reasonable costs and disbursements incurred herein.

DATED this 7th day of June, 2022.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
DAVID E. SMITH, OSB# 124591
Of Attorneys for Defendant
E-mail: rspooner@smapc.com
        dsmith@smapc.com
Fax: (503) 588-5899

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT** with **Exhibits 1-4** to the following:

| | |
|---|---|
| Travis Eiva, OSB No. 052440<br>Eiva Law<br>101 E Broadway, Suite 303<br>Eugene, OR  97401<br>Fax: 458 205-8658<br>E-mail address: travis@eivalaw.com<br>   Attorney for *Plaintiff* | Jesse A. Buss, OSB No. 122919<br>Attorney at Law<br>411 5th St<br>Oregon City, OR 97045<br>E-mail address: jesse@wlgpnw.com<br>   Attorney for *Plaintiff* |

☒   by emailing a copy to said attorney at the above email address with consent of counsel;
☐   by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;
☒   by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 7th day of June, 2022.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
DAVID E. SMITH, OSB# 124591
Spooner & Much, P.C.
Attorneys for Defendant State Farm Mutual Automobile Insurance Company
E-mail: rspooner@smapc.com
          dsmith@smapc.com
Fax: (503) 588-5899