Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Travis Eiva, OSB No. 052440
EIVA LAW
1165 Pearl St.
Eugene OR 97401
Tel: 541-6367480
Fax: 458-205-8658
Email: travis@eivalaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENNETT IRBY,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation,<br><br>  Defendant. | Case No. 3:22-CV00773-SI<br><br>**MOTION TO CERTIFY QUESTION OF STATE LAW TO THE OREGON SUPREME COURT**<br><br>Request for Oral Argument |

**MOTION**

Plaintiff respectfully moves the Court for an order, pursuant to Local Rule (LR) 83-14 and Oregon Revised Statutes (ORS) 28.200-255, certifying the following question of state law to the Oregon Supreme Court:

Page | 1  MOTION TO CERTIFY QUESTION OF LAW TO OREGON SUPREME COURT

## QUESTION:

**ORS 742.504 provides that "Every [automobile liability insurance] policy . . . shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy." The Oregon Supreme Court has interpreted the statute to mean that "[a]ny [policy] provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable."** *Erickson v. Farmers Ins. Co. of Oregon*, **331 Or 681, 685, 21 P3d 90 (2001).**

**Is a policy's coverage exclusion provision entirely unenforceable where only some aspects are "less favorable" than required by ORS 742.504?**

Under LR 7-1(a)(1), on January 30, 2025, counsel for Plaintiff conferred by telephone with counsel for Defendant regarding the subject of this motion, and also conferred thereafter for several days via email. The parties made a good faith effort to resolve the dispute that is the subject of this motion and were unable to do so.

This motion is supported by the following memorandum of law.

**MEMORANDUM IN SUPPORT OF MOTION**

I. **Introduction**

This insurance case involves the statutory interpretation of ORS 742.504, a statute that renders unenforceable any provision in an uninsured/underinsured motorist (UM/UIM) insurance policy that is "less favorable *in any respect* to the insured" than model minimum coverage required by ORS 742.504(1)-(12). The Oregon Supreme Court has said "the primary command of ORS 742.504" is "that the UM/UIM coverage in every policy must be 'no less favorable *in any respect* to the insured or the beneficiary than' coverage under the terms specified in that statute." *Batten v. State Farm Mut. Auto. Ins. Co*., 368 Or. 538, 558–59, 495 P.3d 1222, 1233 (2021) (emphasis added). Consequently, *"[a]ny [policy] provisions that are less favorable to an insured* than" what is required under the statute "are unenforceable." *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 685, 21 P3d 90 (2001) (emphasis added).

State Farm issued several insurance policies to Plaintiff that exclude UIM coverage in circumstances in which ORS 742.504 requires coverage. As a result, throughout the life of the policies they provided "less favorable" coverage than what is required under ORS 742.504.

An underinsured motorist negligently caused a collision with Plaintiff while Plaintiff was riding his motorcycle. Because the motorist had insufficient insurance, Plaintiff sought UIM benefits under his four State Farm policies. State Farm paid on one $25,000 policy (the motorcycle policy) but invoked the policy's exclusion provision to deny $75,000 in additional coverage under the remaining policies.

Plaintiff's position is that, under *Erickson* and related cases, the overbreadth of the exclusion provision throughout the life of the policies—including the date of the crash—rendered the provision unenforceable "in each instance" and "in any respect" to deny coverage to

the insured. *See* ORS 742.504 (requiring that the policy "shall provide [UM/UIM] coverage that *in each instance* is no less favorable *in any respect* to the insured or the beneficiary than if the following provisions were set forth in the policy"). State Farm's position, as Plaintiff understands it, is that the exclusion provision is enforceable *even if* it provided "less favorable" coverage than required under ORS 742.504 because, as applied here, plaintiff's UIM benefits claim does not specifically implicate the overbroad aspect of the exclusion. Stated differently, Plaintiff argues that the exclusion provision as a whole is facially invalid under ORS 742.504, whereas State Farm argues for an as-applied test based on the circumstances of each case. The Oregon Supreme Court has not addressed which approach is correct.

The parties' arguments raise important questions regarding the interpretation of an Oregon statute and the policy choices of Oregon insurance law. It is the exact type of question regarding important state interests that may be best answered by the highest court of the state affected by the decision. Consequently, Plaintiff respectfully requests that the Court certify[1] the above-proposed question of law to the Oregon Supreme Court to resolve this case.

/ / / / /

/ / / / /

---

[1] Under ORS 28.200, the Oregon Supreme Court "may answer questions of law certified to it by...a United States District Court" if the question may be determinative of the cause then pending in the certifying court and if the question appears to the certifying court to be one for which no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts exists. *See also Western Helicopter Services v. Rogerson Aircraft*, 311 Or. 361, 364-65, 811 P.2d 627 (1991) (discussing the statutory criteria).

Pursuant to ORS 28.210, a certification order shall set forth:

(1) The questions of law to be answered; and

(2) A statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose.

Page | 4  MOTION TO CERTIFY QUESTION OF LAW TO OREGON SUPREME COURT

## II.    Facts

The parties' dispute is legal, not factual. However, a short factual background may be helpful.

At the time of the crash Plaintiff had four auto insurance policies with State Farm, each of which included UM/UIM coverage. Each policy was associated with a different vehicle: (1) the motorcycle Plaintiff was riding at the time of the crash; (2) a Volkswagen Beetle; (3) a Toyota Echo; and (4) a Motor Home.

State Farm paid UM/UIM policy limits ($25,000) for the motorcycle policy, but State Farm denied coverage (totaling $75,000) for the remaining three policies under "Exclusion 2.a." Exclusion 2.a, as set forth in the policies, states as follows:

> THERE IS NO [UM/UIM] COVERAGE FOR AN *INSURED* WHO SUSTAINS BODILY INJURY:
>     a.    WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* OR FURNISHED FOR THE REGULAR USE OF *YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

The following policy definitions apply:

> *Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.
>
> *Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads...
> * * * *
>
> *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*. A *car* ceases to be a *newly acquired car* on the earlier of:
> 1.    the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or
> 2.    the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.
> * * * *
>
> *Occupying* means in, on, entering, or exiting.
> * * * *

Page | 5   MOTION TO CERTIFY QUESTION OF LAW TO OREGON SUPREME COURT

***Owned By*** means:
1.      owned by;
2.      registered to; or
\* \* \* \*

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page and includes the ***spouse*** of the first ***person*** shown as a named insured if the ***spouse*** resides primarily with that named insured.
\* \* \* \*

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.
\* \* \* \*

***Insured*** means:
1.      ***you***;

Plaintiff, disputing that Exclusion 2.a is enforceable, filed this litigation to recover the $75,000 in UM/UIM benefits under the three remaining State Farm policies.

### III.    Argument

Because Exclusion 2.a is less favorable to the insured than the model minimum UM/UIM policy under ORS 742.504, Exclusion 2.a is facially invalid and unenforceable in its entirety, without regard to an "as applied" analysis based on the facts of each case. But this important threshold question of state law—whether a facial challenge analysis or an as-applied challenge analysis is appropriate under *Erickson*—should be decided by the Oregon Supreme Court before this Court reaches the merits.

#### A.  Exclusion 2.a is less favorable to the insured than the statutory model policy

The purpose of this Motion to Certify is not to convince the Court that Plaintiff should win this case on the merits. That is, this isn't a motion for summary judgment. So Plaintiff will not argue the merits in full. However, a preview of the merits argument is appropriate because it

illustrates that Plaintiff is likely to succeed on the merits *if* the Oregon Supreme Court accepts the proposed certified question and answers it in the affirmative.

Exclusion 2.a is "less favorable" than the model statutory policy because it denies coverage in situations where the model policy would otherwise mandate coverage. Indeed, Judge Kasubhai explicated and analyzed this exact issue—in nearly identical factual and policy scenarios—in his learned opinions in *Spear v. State Farm,* No. 6:22-cv-00113-MK, 2023 WL 1778657 (D. Or. Feb. 6, 2023), and *Burright v. State Farm*, 654 F.Supp.3d 1159 (D. Or. 2023).[2] *Spear*, which involved the same policy exclusion language presented here, is particularly germane. There Judge Kasubhai took great care in comparing the State Farm policy's coverage exclusion language to the required minimum statutory language in ORS 742.504, and found the policy lacking:

> The greatest distinction in the terms between the policy and the statute is that the policy exclusion does not apply to 'Your Car' or a 'Newly Acquired Car,' whereas the statutorily permissible exclusion does not apply to 'an insured vehicle.' The model policy defines 'insured vehicle' as:
>
> (A) The vehicle described in the policy or a newly acquired or substitute vehicle, as each of those terms is defined in the public liability coverage of the policy, insured under the public liability provisions of the policy; or
>
> (B) A nonowned vehicle operated by the named insured or spouse if a resident of the same household, provided that the actual use thereof is with the permission of the owner of the vehicle and the vehicle is not owned by nor furnished for the regular or frequent use of the insured or any member of the same household.
>
> ORS 742.504(2)(d)(A)-(B) (emphasis added).

---

[2] Both decisions were reversed on appeal in unpublished opinions, but on other grounds. *See Spear v. State Farm*, No. 23-35356 (9th Cir. Oct. 28, 2024); *Burright v. State Farm*, No. 23-35357 (9th Cir. Oct. 28, 2024). Judge Kasubhai's opinions in *Spear* and *Burright* therefore remain highly persuasive authority for purposes of this Motion.

Page | 7  MOTION TO CERTIFY QUESTION OF LAW TO OREGON SUPREME COURT

> As noted, the policy definitions describe 'Your Car' and 'Newly Acquired Vehicle' as 'cars,' which is defined to 'mean[ ] a land motor vehicle with four or more wheels[.]'
>
> In contrast, ORS 742.500(3) defines 'motor vehicle,' for the purposes of ORS 542.504, to mean 'every self-propelled device in, upon or by which any person or property is or may be transported or drawn upon a public highway.' Similarly, ORS 742.504(2)(m) defines 'Vehicle' as 'every device in, upon or by which any person or property is or may be transported or drawn upon a public highway.' **The model policy thus mandates coverage for motorcycles, three-wheelers, cars, and trucks; whereas, under the definitions contained in the exclusion, Plaintiff would only have coverage for 'a land motor vehicle with four or more wheels.'** As a result, Plaintiff received 'less favorable' coverage during the life of the policy because she was entitled to coverage for 'vehicles' under the model policy, but limited to coverage of only 'a land motor vehicle with four or more wheels' under the language contained in the exclusion.
>
> The exclusion also provides less favorable coverage because it fails to provide coverage to substitute vehicles as required by the model policy. Under ORS 742.504(2)(d)(A), 'insured vehicle' means the 'vehicle described in the policy or a newly acquired or *substitute vehicle*[.]' The exclusion provides the required coverage for 'Your Car' and a 'Newly Acquired Car,' but does not extend coverage to 'substitute vehicles.' Plaintiff therefore received 'less favorable' coverage during the life of the policy because she was entitled to coverage for substitute vehicles under the model policy, but did not receive such coverage based on the language contained in the exclusion.

2023 WL 1778657 at *4-5 (internal citations and quotation marks omitted, bolding added).

Judge Kasubhai's reasoning applies with equal force here. The *same* policy language applies here as in *Spear*, which means that State Farm's Exclusion 2.a improperly excludes motorcycles (the type of vehicle Plaintiff was operating in this case) from UM/UIM coverage. And Exclusion 2.a similarly excludes substitute vehicles from UM/UIM coverage. In sum, Exclusion 2.a provides "less favorable" coverage than ORS 742.504 requires.

Plaintiff will provide more detailed and complete argument on the merits if the Oregon

Supreme Court answers the certified question in the affirmative, because only then will the merits argument become central to this case. But as shown briefly above, Plaintiff is likely to succeed on the merits should the Oregon Supreme Court resolve the threshold issue—the certified question—in his favor.

### B. This Court should certify the question of state law to the Oregon Supreme Court

As noted, State Farm's apparent position is that whether a policy exclusion is "less favorable" than the model policy—and therefore unenforceable—must be analyzed as-applied under the facts surrounding the coverage denial in each case. This sharply contrasts with Plaintiff's position that the exclusion provision must be analyzed facially, as a whole, and without regard to the specific facts surrounding each denial of coverage. The difference between the two positions—and the strangeness of State Farm's—can be illustrated as follows: under State Farm's position it is impossible to know whether a policy's exclusion provision violates ORS 742.504 until *after* the insurer issues a coverage denial, whereas under Plaintiff's position the validity of a policy's exclusion provision under ORS 742.504 can be evaluated at any time, before or after a coverage denial. Why should the validity of a written *policy provision* depend on the facts of each denial? It shouldn't. The policy provision should stand or fall on its own, as a whole, based solely on its language.

But ultimately this disagreement reflects an unanswered—or at least unclarified—question of state law that should be addressed by Oregon's highest court.

It is within the discretion of a District Court to certify a question to the Oregon Supreme Court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). In exercising its discretion, this Court should consider the factors set forth in *Western Helicopter*, 311 Or. at 364-65. Those five factors are as follows:

Page | 9  MOTION TO CERTIFY QUESTION OF LAW TO OREGON SUPREME COURT

  (1) Whether the certification came from a designated court;

  (2) Whether the question is one of law and not fact;

  (3) Whether the law at issue is a question of Oregon law;

  (4) Whether the question may be determinative of the cause; and

  (5) Whether there is no controlling precedent from the Oregon Supreme Court or Oregon Court of Appeals.

### 1. Designated Court

The United States District Court is a designated court pursuant to ORS 28.200.

### 2. Question of Law

The certified question must be a legal dispute. *Western Helicopter*, 311 Or. at 364; and ORS 28.210. Certification is not appropriate where disputed facts render the legal dispute unclear. *Western Helicopter*, 311 Or. at 364-65 (citation omitted).

Here there are no disputed facts. The parties' dispute is a legal one about the meaning of an Oregon statute, and questions of statutory interpretation are always a question of law.

### 3. Question of Oregon Law

The question presented must concern Oregon law and not the law of another jurisdiction. *Western Helicopter*, 311 Or. at 365.

The question presented in this case is the interpretation of an Oregon statue, ORS 742.504, which governs insurance policies in Oregon. The only law at issue is Oregon law, and therefore this factor favors certification.

/ / / / /

/ / / / /

### 4.     Determinative of the Cause

The answer to the question presented must have potential to determine at least one claim in the case. *Western Helicopter*, 311 Or. at 365.

The answer to the proposed certified question has the potential to end this case completely. That is, if the Oregon Supreme Court answers the certified question in the negative, then the case will end because State Farm would be entitled to rely on Exclusion 2.a as a basis for denying coverage. And if the Oregon Supreme Court answers the question in the affirmative, while State Farm may try to argue otherwise, the case should end in Plaintiff's favor because Exclusion 2.a will be entirely unenforceable.

It also must be emphasized that the same and closely related ORS 742.504 coverage questions have been raised in other cases (*see, e.g.*, *Lotfi v. Progressive Universal Ins. Co.*, No. 3:24-cv-01616-AR (D. Or.)), and continue to arise in numerous UM/UIM claims for benefits that have yet to be filed, or which will ultimately be resolved through mandatory binding arbitration rather than traditional litigation. Resolution of this question at the Oregon Supreme Court would therefore save significant resources and time for many parties, judges, and arbitrators, and would provide finality on a question that has caused widespread vexation and uncertainty in the legal community. In other words, it would not only be determinative of *this* case, but many.

### 5.     No Controlling Precedent

The final factor requires the certifying court to engage in an analysis of whether there is any controlling precedent in the Oregon Court of Appeals or Oregon Supreme Court. *Western Helicopter*, 311 Or. at 365. If there is controlling precedent in either appellate court, then certification is not appropriate. *Id.*

Although Plaintiff believes that the Oregon Supreme Court will ultimately find that

*Erickson* should control this situation—and in Plaintiff's favor—the Ninth Circuit's unpublished opinions in *Spear* and *Burright* (*see* footnote 2 above) suggest that the Ninth Circuit does not agree. Accordingly, this factor favors certification.

## CONCLUSION

Exclusion 2.a is a standard exclusion used in State Farm policies to limit UM/UIM coverage for Oregon consumers. Countless Oregon insureds are impacted by it and by similar exclusions employed by various other insurance companies operating in the state. The Oregon Supreme Court should decide whether these broad exclusions pass muster under Oregon law.

For the foregoing reasons, Plaintiff respectfully requests that this Court certify the proposed question of state law to the Oregon Supreme Court.

DATED: March 7, 2025

*/s/ Jesse A. Buss*
Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC

Travis Eiva, OSB No. 052440
EIVA LAW