IN THE UNITES STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENNETT IRBY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a corporation,

    Defendant.

Case No. 3:22-CV-00773-SI

CERTIFICATION ORDER

    In April 2022, Bennett Irby ("Irby") filed a lawsuit in Multnomah County Circuit Court against his insurer, State Farm Mutual Automobile Insurance Co. ("State Farm"). Irby alleges breach of insurance contract, asserting that State Farm's insurance policy provides less favorable uninsured/underinsured motorist benefits ("UM/UIM") than what is required by Oregon law.[1] State Farm timely removed the action to federal court. Irby moved to certify a question of law to the Oregon Supreme Court, and State Farm opposes certification.

    After considering Mr. Irby's motion, pursuant to Or. Rev. Stat. §§ 28.200 to 28.255 and *Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627 (1991), as well as Local Rule 83-14 of the District of Oregon, the District Court of Oregon certifies the following questions to the Oregon Supreme Court.

---

[1] ORS § 742.504 provides: "Every [automobile liability insurance] policy . . . shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy."

PAGE 1 – CERTIFICATION ORDER

## QUESTION PRESENTED FOR CERTIFICATION

ORS 742.504 provides that "Every [automobile liability insurance] policy . . . shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy." The Oregon Supreme Court has interpreted the statute to mean that "[a]ny [policy] provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable." *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 685 (2001).

Is an automobile liability insurance policy's coverage exclusion provision entirely unenforceable where only some aspects are "less favorable" than required by ORS 742.504?

## BACKGROUND

In July 2017, Irby was riding his *motorcycle* and was involved in a vehicle collision caused by a negligent driver who was uninsured or underinsured. At the time of the collision, Irby held four active insurance policies with State Farm, one policy for each of the following four vehicles: (1) a motorcycle, (2) a Volkswagen Beetle, (3) a Toyota Echo, and (4) a motor home. Under each policy, State Farm provided UM/UIM with a limit of $25,000 per policy. Irby sought to aggregate his UM/UIM benefits under each of his four policies. State Farm, however, paid only $25,000 under Irby's motorcycle policy. State Farm invoked the exclusion provisions of the remaining three policies to deny coverage, explaining that under these exclusions a policy covered only the specific vehicle (or vehicles) expressly identified on the declarations page of that policy. Ultimately, Irby seeks to invalidate the entire exclusion provision on other grounds with the effect of thereby avoiding the anti-stacking consequences of the exclusion's other provisions.

Each policy contains an identical exclusion clause stating that there is no UM/UIM coverage for an insured who sustains bodily injury "while *occupying* a motor vehicle *owned by*

PAGE 2 – CERTIFICATION ORDER

or furnished for the regular use of *you* . . . if it is not *your **car*** or a *newly acquired **car**.*" See* ECF 1-2 at 32 (italicized emphases in original; bold emphasis added). As relevant to this here, the policy defines "car" as "a land motor vehicle with four or more wheels, designed for use primarily on public roads." *Id.* at 11. The model policy under Oregon law, which requires certain provisions of uninsured motorist coverage, does *not* require a vehicle to have four or more wheels. *See* ORS § 742.504(2)(m).[2] Thus, if a person was driving his (or a newly acquired *motorcycle*) (or other vehicle with fewer than four wheels) when that person was in an accident with an uninsured or underinsured motorist, State Farm's policy, based on its text, would appear to provide less favorable coverage than the model policy.[3]

## DISCUSSION

A question certified to the Oregon Supreme Court must meet five criteria:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364 (1991) (interpreting ORS § 28.200, which governs the Oregon Supreme Court's authority to answer questions certified to it by other courts). The circumstances in this case satisfy the five *Helicopter* criteria.

The first criterion is "self-explanatory" and is satisfied because the Oregon legislature designates United States District Courts as able to certify questions. *Id.*; *see also* ORS § 28.200.

---

[2] This provision defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, but does not include devices moved by human power or used exclusively upon stationary rails or tracks." ORS § 742.504(2)(m).

[3] Because State Farm paid Irby $25,000 in UM/UIM coverage under his policy that identifies his motorcycle on the declarations page, this provision defining a "vehicle" is not the reason why Irby was not paid on the other three policies. Instead, Irby seeks to invalidate State Farm's definition of "vehicle" as being more restrictive than what is required under the Oregon model policy in the hope that such a ruling will avoid State Farm's anti-stacking decision.

PAGE 3 – CERTIFICATION ORDER

To meet the second criterion, "the question [must] be framed in a way that is susceptible of adjudication by way of a pronouncement as to what the law is." *Helicopter*, 311 Or. at 364. The Oregon Supreme Court does not require any facts to rule on the interpretation of ORS § 742.504. Third, the "legal question propounded concern[s] Oregon law" and nothing more. *Id.* at 365. Fourth, an answer by the Oregon Supreme Court would "have the potential to determine at least one claim in the case" and may be "determinative of the cause." *Id.* Here, if the Oregon Supreme Court holds that a plaintiff must, in fact, be in a situation in which, if the model policy applied, the plaintiff would have more coverage than under the plaintiff's actual policy, Plaintiff's claim will fail. The fifth criterion is self-satisfying and "subjective," because "the act of certification itself establishes that the certifying court had the requisite state of mind." *Id.* at 365-66. Different analyses of ORS § 742.504 in district courts and the Ninth Circuit illustrate why the question is suitable for certification to the Oregon Supreme Court.

The Oregon Supreme Court has previously considered the standard to determine if a policy is "less favorable" under ORS § 742.504. In *Vega v. Farmers Insurance Co. of Oregon*, the Oregon Supreme Court explained that

> the validity of a challenged UIM provision must be tested, not by a direct comparison between the challenged provision with an individual statutory provision but, instead, by a comparison between *coverage* offered by the policy containing the challenged provision and the *coverage* offered by a hypothetical policy containing the provisions set out at ORS 742.504(1) to (12).

323 Or. 291, 299 (1996) (emphases in original), *superseded by statute on other grounds*. Similarly, in *Erickson v. Farmers Insurance Co. of Oregon*, the Oregon Supreme Court explained, "[a]ny UM provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable." 331 Or. 681, 685 (2001).

In *Erickson*, the Oregon Supreme Court did not rely upon the specific facts of the

PAGE 4 – CERTIFICATION ORDER

plaintiff's case in holding that anti-stacking exclusions were unenforceable when the exclusions "den[ied] plaintiff coverage when the UM statutes mandate some coverage." *Id.* at 687. In *Batten v. State Farm Mutual Automobile Insurance Co.*, on the other hand, the Oregon Supreme Court separately compared each policy at issue against the model provisions in the factual context of that case. 368 Or. 538, 545 (2021) ("[I]t is helpful to consider what coverage would be available to plaintiffs under the legislature's 'model' policy."). These cases do not explicitly state whether a plaintiff must be in a situation where the plaintiff would have more coverage under the model policy, or if there merely must exist some possible situation in which a plaintiff's policy provided less favorable coverage.

In response, Defendant cites unpublished Ninth Circuit opinions in which the Ninth Circuit held that a court must look to the specific facts of a case to determine whether a policy is less favorable. *See Spear v. State Farm Mut. Automobile Ins. Co.*, 2024 WL 4589079 (9th Cir. Oct. 28, 2024) (unpublished); *Burright v. State Farm Mut. Automobile Ins. Co.*, 2024 WL 4589829 (9th Cir. Oct. 28, 2024) (unpublished). In both of these cases, the district court applied the reasoning in *Erickson* and found that a scenario exists in which the policies were less favorable than the statutory model, but the Ninth Circuit reversed.

State Farm is satisfied with the Ninth Circuit's approach to this question, but Irby asserts that it has never been squarely addressed by the Oregon Supreme Court, and that is what he seeks. Irby argues that there is no controlling precedent from the Oregon Supreme Court (or the Oregon Court of Appeals). Thus, certifying this question to the Oregon Supreme Court could result in controlling precedent on this issue that seems to repeat itself from time to time in this District.

//

//

PAGE 5 – CERTIFICATION ORDER

## CONCLUSION

The question above is central to Mr. Irby's claim and has yet to be addressed by the Oregon Supreme Court. The Clerk of the Court is ordered to transmit this Certification Order, together with copies of the docket sheets containing the names and addresses of the parties' attorneys, to the Oregon Supreme Court.

IT IS SO ORDERED.

DATED this 16th of October 2025.

Michael McShane
Chief U.S. District Judge